**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oliver Michael Pryor, | No. CV-12-00526-TUC-BGM |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

On September 30, 2015, this Court entered its Amended Order denying Petitioner Oliver Michael Pryor's *pro se* First Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty). Order 9/30/2015 (Doc. 26). Upon review of the record on appeal, the Ninth Circuit Court of Appeals remanded to this Court for the limited purpose of consideration of an issue of ineffective assistance of trial counsel during pre-trial and plea proceedings that was not addressed in this Court's initial order. *See* Order 1/19/2016 (Doc. 30).

. . .

. . .

. . .

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The factual and procedural backgrounds were outlined in this Court's September 30, 2015 Order (Doc. 26), and as such will be limited to information relevant to the additional claim.

Petitioner states that upon his "initial intake into the Pima County Jail, on or about August 25, 2007, he was required to surrender his CPAP[1] machine while incarcerated and was denied its usage throughout his incarceration in the Pima County Jail." Petition (Doc. 11) at 10–10A. Petitioner further states that he did not have his CPAP for nearly fourteen (14) months, including through trial and sentencing. *Id.* at 10A. Petitioner asserts that "[o]nly after trial, was [trial] counsel (Lougee), made aware his client had such a medical condition[,] and not until reading the Defendant's pre-sentencing report did Mr. Lougee investigate the Defendant's condition." *Id.* Petitioner further asserts that "[o]n the day before sentencing Lougee immediately requested a Motion to Continue Sentencing to determine the appropriate way to proceed." *Id.* Petitioner states that "[w]ithout dispute, counsel probably conveyed the merits of the plea offer and discussed the benefits and consequences with the Defendant." *Id.* Petitioner further acknowledges that "trial counsel immediately, upon learning of reasonable grounds regarding competency, brought to the court's attention, the issue of the Defendant's sleep deprivation." Petition (Doc. 11) at 10B–10C.

Petitioner alleges that "[o]n May 16, 2012, Judge Richard D. Nichols denied relief on this issue ruling that while counsel was ineffective for failing to present the issue

---

[1] CPAP stands for Continuous Positive Airway Pressure.

- 2 -

regarding competency, it was now precluded because 'ineffective assistance of post-conviction relief counsel is not a valid claim for defendants [sic] who were convicted at trial." *Id.* at 10C. A review of the Rule 32 court's May 16, 2012 Ruling demonstrates that Petitioner's allegation is not entirely accurate. *See* Answer (Doc. 17), In Chambers Ruling, Re: Pet. for PCR 5/17/2012 (Exh. "AA"). With regard to competency, the Rule 32 court acknowledged that "[t]rial counsel bought up the competency issue at sentencing, and appellate counsel mentioned the issue of competency in a brief to the court of appeals, but did not present the issue of competency to the Court for determination." *Id.*, "Exh. AA" at 2. The court of appeals found that "Petitioner's failure to fully raise the issue on direct appeal constitute[d] a waiver," and Petitioner was precluded from bringing the issue on post-conviction relief. *Id.*, Exh. "AA" at 3. The court further found that any claim for ineffective assistance of appellate counsel could have been raised in his initial PCR petition, but was not, and as such it was waived. *Id.*, Exh. "AA" at 3. Finally, with regard to PCR counsel, the Rule 32 court stated that "[e]ven if Petitioner's PCR counsel was ineffective, non-pleading defendants have no right to effective PCR counsel. . . . In other words, ineffective assistance of Post Conviction Relief counsel is not a valid claim for defendants who were convicted at trial." *Id.*, Exh. "AA" at 3 (citing *State v. Krum*, 183 Ariz. 288, 292 (1995)).

In reply, Petitioner states that his "trial attorney, Richard Lougee, should have counseled, advised, and given Petitioner a reasonable period of time to reflect and decide on Respondents' last-minute plea offer, raising the sleep deprivation issue to support and bolster any request for a continuance of trial or extended recess." Reply (Doc. 21) at 5–6.

## II. ANALYSIS

"The constitutional guarantee [of effective assistance of counsel] applies to pretrial critical stages that are part of the whole course of a criminal proceeding[.]" *Lafler v. Cooper*, 132 S.Ct. 1376, 1387, 182 L.Ed.2d 398 (2012). Accordingly, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Id.* at 1387.

In order to establish that his trial counsel was ineffective, Petitioner must show that 1) counsel's performance was deficient; and 2) that this performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Deficient performance requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In the context of rejecting a plea offer, the question is "not whether 'counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient. In his Petition, Petitioner asserts that "[o]nly after trial, was [trial] counsel (Lougee), made aware his client had such a medical condition[,] and not until reading the Defendant's pre-sentencing report did Mr. Lougee investigate the Defendant's condition." Petition (Doc. 11) at 10A. Petitioner further asserts that "[o]n the day before

- 4 -

sentencing Lougee immediately requested a Motion to Continue Sentencing to determine the appropriate way to proceed." *Id.*  Petitioner states that "[w]ithout dispute, counsel probably conveyed the merits of the plea offer and discussed the benefits and consequences with the Defendant." *Id.*  Petitioner further acknowledges that "trial counsel immediately, upon learning of reasonable grounds regarding competency, brought to the court's attention, the issue of the Defendant's sleep deprivation." Petition (Doc. 11) at 10B–10C.

As such, Petitioner's version of the facts indicate that trial counsel did not learn of his alleged sleep deprivation until *after* trial, and immediately took steps to bring it to the court's attention.  Moreover, Petitioner acknowledges that trial counsel presented the details of the plea agreement to him and discussed its pros and cons.  Furthermore, the trial court made its record pursuant to *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (Ct. App. 2000).  Superior Ct. of the State of Arizona in and for the County of Pima, Case No. CR-20062087, Jury Trial Tr. 9/9/2008 (Doc. 18-2) 5:11–6:4.  The purpose of a *Donald* hearing is to ensure that the defendant is aware of the plea offer and the consequences of its rejection.  *See Donald*, 198 Ariz. 406, 10 P.3d 1193.  At the *Donald* hearing, Petitioner confirmed that he discussed the plea offer with his attorney, as well as what might happen if he were to be convicted. Superior Ct. of the State of Arizona in and for the County of Pima, Case No. CR-20062087, Jury Trial Tr. 9/9/2008 (Doc. 18-2) 5:20–6:1.  Petitioner also confirmed that even with this knowledge, he was rejecting the State's plea offer. *Id.* at 6:2–4.

In reply to the instant habeas petition, Petitioner states that trial counsel "should

- 5 -

have counseled, advised, and given Petitioner a reasonable period of time to reflect and decide on Respondents' last-minute plea offer, raising the sleep deprivation issue to support and bolster any request for a continuance of trial or extended recess." Reply (Doc. 21) at 6.  The record made at trial, as well as Petitioner's own assertions in the instant habeas demonstrate that trial counsel *did* counsel and advise him as to the plea agreement.  Furthermore, counsel did not learn of Petitioner's sleep deprivation issues until *after* trial.  There is nothing in the record before this Court to suggest that Petitioner alerted either his counsel or the trial court to any issues regarding sleep deprivation or not having his CPAP prior to trial.  Accordingly, the Court finds that trial counsel was not ineffective during pre-trial and plea negotiations in this case.

IT IS HEREBY ORDERED that Petitioner's First Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 11) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED, because reasonable jurists would not find the Court's ruling debatable.  *See* 28 U.S.C. § 2253.

Dated this 19th day of December, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge